**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NERY OMAR RIVAS-HERNANDEZ, | No. 24-1622 |
| Petitioner, | Agency No.<br>A209-851-863 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**

Before:     OWENS, LEE, and BUMATAY, Circuit Judges.

Nery Omar Rivas-Hernandez, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, and review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020). We deny the petition for review.

The agency did not err in finding that Rivas-Hernandez's proposed particular social group of "perceived enemies and enemies of the Herrera drug cartel in Guatemala" was not cognizable.[1] *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-,* 26 I. & N. Dec. 227, 237 (BIA 2014)); *Diaz-Torres v. Barr*, 963 F.3d 976, 981 (9th Cir. 2020) (observing that being on a "persecutor's enemies list" is not sufficient to establish social distinction). Thus, Rivas-Hernandez's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Rivas-Hernandez failed to show it is more likely than not that he will be

---

[1] To the extent Rivas-Hernandez argues additional particular social groups, those contentions are not properly before the court because he did not raise them before the IJ. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417–19 (2023) (section 1252(d)(1) is not jurisdictional).

tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) ("torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'" (internal citation omitted)).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**